■ RAYMOND GERARD, Appellant, v SUPREME COMPANY, Respondent. [717 NYS2d 106] —Order, Supreme Court, New York County (Stanley Parness, J.), entered December 16, 1999, which, *inter alia*, granted defendant landlord's motion to dismiss plaintiff tenant's complaint seeking judgment against defendant for rent overcharges collected by a previous landlord, as determined by the New York State Division of Housing and Community Renewal (DHCR), and order, same court and Justice, entered September 2, 1999, which granted defendant's motion to dismiss another complaint by plaintiff seeking damages for defendant's commencement of an eviction proceeding that allegedly was meritless and intended to harass, unanimously affirmed, without costs.

The action to recover the rent overcharges collected by a prior landlord was properly dismissed in view of the documentary evidence establishing that defendant purchased the building at a judicial foreclosure sale, and in the absence of any evidence contradicting defendant's representation that it had no notice of the rent overcharge proceeding at the time of such purchase and immediately credited plaintiff for its portion of the overcharge as soon as it learned thereof (9 NYCRR 2526.1 [f] [2]; *see generally*, *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545). Nor did plaintiff establish a collusive relationship between the previous landlord and defendant such as would make the judicial sale exemption to successor liability for rent overcharges inapplicable. Plaintiff's other action, seeking damages for "prejudice, perjury, pain and suffering" allegedly caused by defendant's commencement of a meritless holdover proceeding, was properly dismissed as barred by res judicata, DHCR having dismissed a prior harassment complaint by plaintiff that was predicated upon the same facts. In any event, as the motion court also held, the complaint fails to state a cause of action. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.